[No. 9664. Department One. October 28, 1911.]

FRED TAYLOR, *Appellant*, v. FINCH INVESTMENT COMPANY, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS. Findings supported by the evidence, although conflicting, will not be disturbed on appeal where the trial judge had the advantage of seeing and hearing the witnesses and also of a view of the premises.

CONTRACTS—PERFORMANCE OR BREACH—BUILDING CONTRACTS—ACCEPTANCE OF PERFORMANCE. The mere occupancy by tenants of some of the rooms before completion of a building is insufficient to show an acceptance of the building under a contract calling for formal acceptance by the architect.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered December 24, 1910, in favor of the defendant, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Affirmed.

*A. M. Abel* and *W. H. Abel*, for appellant.

*Boner & Boner*, for respondent.

PARKER, J.—The plaintiff commenced this action to recover a balance which he alleged to be due him from the defendant upon a contract, and for extra work furnished in connection therewith, for installing partitions in and plastering an office building being constructed by the defendant in Aberdeen. He also claimed and prayed foreclosure of a lien therefor upon the property. He alleged the completion of the contract, his agreed compensation thereunder being $9,-251, and also that he had furnished extra work and material in connection therewith of the value of $4,522.69, and admitted payments thereon aggregating $9,389.47, claiming the balance of $4,384.22 to be due him, for which he prayed judgment and foreclosure. The defendant filed an answer and cross-complaint admitting the making of the contract,

[1]Reported in 118 Pac. 330.

denying the proper performance of it by the plaintiff, denying the furnishing of any extra work or material by the plaintiff of any value, but admitting that extra work and material furnished by the plaintiff would have been of the value of $2,188.22 if the contract had been properly performed; alleging that the work was so poorly done and the material so inferior in quality that the contract was not complied with, and that, in order to secure the performance of the work and furnishing of material according to the contract, it will be necessary to take off the greater part of the plastering and replace the same with proper material, which will necessitate the closing of the building and loss of tenants and rent for a long period of time, all to defendant's damage in the sum of $18,000, for which it prayed judgment against the plaintiff. A trial before the court resulted in a judgment in favor of the defendant in the sum of $5,500, from which the plaintiff has appealed.

The principal contention of counsel for appellant involves only questions of fact. They insist that the evidence calls for a decision of the cause upon the merits in their favor as prayed for, instead of in favor of the defendant. We have carefully read all of the evidence, and deem it sufficient to say that while it is not free from conflict, there is competent evidence in the record tending strongly to show that the work and material furnished by appellant were both of a very inferior quality, and in that respect fall far short of fulfilling the terms of the contract; that in order to procure the completion of the work as contracted for, it will be necessary to remove a large part of the plastering and replace the same with proper material at an expense of approximately $8,500; that this will result in additional damage to the woodwork, amounting to a considerable sum; and that the extra work and material furnished by appellant, even if properly furnished, would not in any event have exceeded the value of $2,188.22 as alleged by respondent. The evidence relating to the quality of the work and material and the cost of prop-

erly replacing same, as well as the evidence relating to the value of the extra work claimed to have been furnished by appellant, consists almost wholly of the testimony of witnesses given in open court, thus giving the trial judge an opportunity to see and hear them testify; and in addition to this, the trial judge visited the building and examined the work before rendering the decision, at the request of both parties. Under these circumstances, we do not feel warranted in disturbing the conclusions of the trial court upon this branch of the case.

Contention is made that the work was accepted as completed according to contract. It cannot be seriously contended that there was any formal acceptance; in fact, when acceptance was demanded by appellant from the architect, who, by the terms of the contract, was made the judge of the work, he refused to accept it. The principal acts of respondent relied upon by appellant to show acceptance was its permitting tenants to occupy some of the rooms. This was a considerable time before appellant finished the work in other rooms and portions of the building, and he did not ask for acceptance until after he had finished all of them. Besides, it is not very clear from the evidence as to how many of the rooms were so occupied, nor are we advised as to the circumstances under which these tenants occupied the rooms. We have nothing here shown but mere naked occupancy of some of the rooms. The trial court was clearly right in not regarding this as sufficient to show an acceptance. 6 Cyc. 67. It is also insisted that there was acquiescence in the work and the furnishing of the material as to quality, from time to time as the construction progressed, by the owner and the architect. There is a conflict of evidence upon these matters, but we agree with the trial court that it preponderates in favor of respondent.

We conclude that the judgment must be affirmed. It is so ordered.

DUNBAR, C. J., MOUNT, and FULLERTON, JJ., concur.